1  DOUGLAS J. FARMER, Cal. Bar No. 139646
   douglas.farmer@ogletreedeakins.com
2  CHRISTOPHER M. AHEARN, Cal. Bar No. 239089
   chris.ahearn@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
   Attorneys for Defendant
7  MOONRACER, INC. d/b/a SYNAPTIS

8

9               **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IT CONVERGENCE, a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>MOONRACER, INC. d/b/a SYNAPTIS, a North Carolina corporation, and DOES 1-10, inclusive,<br><br>  Defendant. | Case No. 3:13-cv-04467-NC<br><br>**DEFENDANT MOONRACER, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, OR, ALTERNATIVELY, A STAY;**<br><br>**DEFENDANT MOONRACER, INC.'S STATEMENT IN SUPPORT OF NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PER L.R. 3-13(C);**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     November 20, 2013<br>Time:     1:00 p.m.<br>Judge:    Hon. Nathaniel Cousins<br>Courtroom:   Courtroom A, 15th Floor<br><br>Complaint Filed: August 23, 2013<br>Trial Date:     None Set<br>Judge:          Hon. Nathaniel Cousins |

**NOTICE OF MOTION FOR JUDGMENT ON THE PLEADINGS, OR,**

**ALTERNATIVELY, A STAY OF PROCEEDINGS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2013 at 1:00 p.m., or as soon as this matter may be heard in the Courtroom A of the Honorable Nathaniel Cousins of the above-referenced Court, Defendant Moonracer, Inc. d/b/a Synaptis ("Defendant" or "Moonracer") respectfully moves the Court, under Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings or, alternatively, for a stay of the instant case, *IT Convergence v. Moonracer*.  The basis for this Motion is that this action pertains to identical factual and legal issues, and substantially the same parties, as the following action currently pending in the United States District Court for the Western District of North Carolina: *Moonracer, Inc. d/b/a Synaptis v. Jordan N. Collard*, Case No. 5:13-cv-00455-BO (W.D. N.C.) (the "North Carolina Action"). The essential dispute in that case is the same as the essential dispute in this case:  whether the employment of Mr. Jordan N. Collard, a former employee of Moonracer, violates the terms of a contract between Moonracer and Mr. Collard.

Accordingly, Moonracer requests that this action be dismissed, with prejudice. Alternatively, Moonracer requests this Court to exercise its authority and discretion to stay this action pending the resolution of the North Carolina Federal Action (and, if remanded, the North Carolina State Action, to avoid duplicative litigation.

This motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Proposed Order, the Request for Judicial Notice and exhibits thereto, all pleadings, records and papers on file in this action, the North Carolina State Action, and the North Carolina Federal Action, and such further evidence and argument as may be presented to the Court at the hearing of this motion.

**STATEMENT BY DEFENDANT MOONRACER, INC. IN SUPPORT OF NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PER L.R. 3-13(C)**

On September 26, 2013, in conjunction with its filing of a Notice of Removal to this Court, Defendant Moonracer, Inc. ("Moonracer") filed a Notice of Pendency of Other Action Pursuant to Local Rule 3-13. Pursuant to Rule 3-13(d) of the Local Rules of the Northern District of California, Moonracer submits this statement in support of its Notice of Pendency of Other Action Pursuant to Local Rule 3-13. As its statement in that regard, Moonracer refers the Court to the Memorandum of Points and Authorities, set forth below, in support of its accompanying Motion for Judgment on the Pleadings, or, Alternatively, a Stay.

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.    INTRODUCTION AND FACTUAL SUMMARY

On May 23, 2013, Defendant Moonracer, Inc. ("Moonracer") commenced an action in the Superior Court of Wake County, North Carolina against Jordan N. Collard ("Mr. Collard"), a present employee of Plaintiff IT Convergence and a former employee of Defendant Moonracer, Inc. (the "North Carolina State Action").  Request for Judicial Notice ("RJN"), Exhibit A (Complaint in North Carolina State Action).

The North Carolina State Action is related to and arises out of the same facts and circumstances as this action does.  In the North Carolina State Action, Moonracer alleges that Mr. Collard, as an employee of IT Convergence, is currently violating a non-competition agreement that he signed while employed by Moonracer, Inc., and seeks to prevent Mr. Collard from doing so.  *See* RJN, Exhibit A at ¶¶ 7-26.  In this action, which was filed later on August 23, 2013, IT Convergence alleges that the agreement is not enforceable and that by seeking to enforce it, Moonracer, Inc. is interfering with the IT Convergence's receiving the benefit of Mr. Collard's services.  *See* Document No. 001-01 (Complaint in this Action, filed on September 26, 2013 as Exhibit A to Notice of Removal by Moonracer) at ¶¶ 12-28, 45, 60, 64.  After the North Carolina State Action was filed by Moonracer, Mr. Collard removed that action to the United States District Court for the Eastern District of North Carolina.  RJN, Exhibit B.  The removed action is entitled *Moonracer, Inc. d/b/a Synaptis v. Jordan N. Collard*, U.S. Dist. Ct. (E.D. N. Car.), Case No. 5:13-CV-455-BO (the "North Carolina Federal Action") and is currently pending.  *Id*.  As is shown by the notice of removal in the North Carolina Federal Action, Mr. Collard is represented in that case by Mr. Philip Layfield, who also represents IT Convergence in this action.  Because the North Carolina Federal Action and this action are so closely related in that they both concern the central question of whether Mr. Collard's continued employment with IT Convergence is lawful.

## B.    ARGUMENT

### 1.    The Standard for Rule 12(c)

Rule 12(c) provides that a party may move for judgment on the pleadings at any time

after the pleadings are closed, but early enough not to delay trial.  The Ninth Circuit has adopted the same standard for both Rule 12(c) motions and Rule 12(b)(6) motions to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog").  A Rule 12(c) motion "is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Pursuant to this rule, a court must grant a motion to dismiss when a plaintiff fails to state a claim upon which relief can be granted.  This is evident when a plaintiff fails to plead facts sufficient to establish any essential element of a cause of action, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), or when the facts as pled preclude the claim based on "a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### 2. This Later-Filed Action, Which Duplicates the North Carolina Action, Should be Dismissed or Stayed.

A district court may exercise its discretion to dismiss a duplicative, later-filed action, or to stay that action pending resolution of the previously filed action.  *Adams v. California Dept. of Health Services,* 487 F.3d 684, 688 (9th Cir. 2007); *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (a district court may dismiss later-filed duplicative actions regardless of whether they are pending in the same or different districts).  A party has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams,* 487 F.3d at 688 (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).  "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999).  Duplicate complaints such as the instant case serve no proper purpose and can be dismissed outright. *See Clements v. Airport Auth. of Washoe County,* 69 F.3d 321, 328 (9th Cir.

1995) (dismissing duplicative claims is meant "to protect the defendant from being harassed by repetitive actions based on the same claim."); *Peak v. Green Tree Fin. Servicing Corp.,* No. C00-0953, 2000 WL 973685 (N.D. Cal. July 7, 2000) (dismissing purported class action that asserted identical claims and sought identical relief as pending first-filed action, notwithstanding different named plaintiffs). The need for the "conservation of judicial resources and comprehensive disposition of litigation" counsels against duplicative litigation, and district courts are given "an ample degree of discretion" to decline jurisdiction over duplicative lawsuits. *See e.g. Pacesetter Sys., Inc. v. Medtronic, Inc.* 678 F.2d 93, 95 (9th Cir. 1982) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180 (1952)) (holding that when a complaint involves the "same parties and issues," a district court can decline jurisdiction in favor of the first filed action).

The Ninth Circuit applies a "transaction test" to determine whether a subsequent action should be dismissed as duplicative of an earlier action. *Adams,* 487 F.3d at 689. The "most important" factor for the Court to consider in applying the transaction test is whether the suits arise out of the same common nucleus of facts. *Id.* (quoting *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The lawsuits need not be identical for one to be dismissed; dismissal is appropriate even if the two suits are only "substantially similar." *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989). Thus, the Ninth Circuit has affirmed dismissals where complaints were far from identical. *See Adams,* 487 F.3d at 689 (dismissal despite addition of different defendants and different legal claims); *Mpoyo v. Litton Electron-Optical Sys.,* 430 F.3d 985, 987-88 (9th Cir. 2005) (second lawsuit involved "distinct" evidence).[1]

The Court, in its discretion, may also stay a duplicative case to promote the interests of

---

[1] Other circuits provide additional authority to dismiss duplicative actions. *See, e.g., Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (C. A. D. C. 1980) (dismissing claims against a defendant where the count was the same as one already before the court); *Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir. 1985) (affirming dismissal of duplicative suit in the same district holding that "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, *pending,* related action, the second complaint may be dismissed") (emphasis in original); *Sutcliffe Storage & Warehouse Co. v. United.States.,* 162 F.2d 849, 851 (1st Cir. 1947) ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket.").

1  docket control, efficiency, and fairness. *Landis v. North American Co.*, 299 U.S. 248, 254-55
2  (1936); *Weiner v. Shearson, Hammill & Co.,* 521 F.2d 817, 820 (9th Cir. 1975); *Filtrol Corp. v.*
3  *Kelleher*, 467 F.2d 242 (9th Cir. 1972).

4      As is more fully set forth in Section A above, the allegations in the earlier-filed North
5  Carolina Federal Action establish that it shares the same core issues, namely, whether Mr.
6  Collard's non-competition agreement with Moonracer is enforceable, and whether Mr. Collard's
7  subsequent employment with IT Convergence violates that agreement.  As such, *both actions*
8  would involve the same or substantially similar parties, *both actions* would are based on the same
9  or similar claims, *both actions* would arise from the same or substantially similar factual issues,
10 and *both actions* would involve the same or substantially the same witness testimony and other
11 evidence.  Therefore, this case should be dismissed to avoid the inevitable duplicative discovery,
12 motion procedures, and trial proceedings that would accompany parallel litigation, as well as the
13 risk of inconsistent results.  However, if the Court does not dismiss this case, at a minimum it
14 should order a Stay pending the outcome of the North Carolina Federal Action (or, if it is
15 remanded, the North Carolina State Action), to avoid the substantial and unnecessary duplication
16 of judicial resources and resources of the parties.

17 **C.  CONCLUSION**

18     For the reasons set forth above, Moonracer respectfully requests that this action be
19 dismissed, with prejudice.  Alternatively, this case should stayed pending resolution of the North
20 Carolina Federal Action (or, if remanded, the North Carolina State Action).

21 DATED:  October 15, 2013        OGLETREE, DEAKINS, NASH, SMOAK &
22                                 STEWART, P.C.

24                                 By:  /s/ Christopher M. Ahearn
25                                    Douglas J. Farmer
                                   Christopher M. Ahearn

26                                 Attorneys for Defendant
27                                 MOONRACER, INC. d/b/a SYNAPTIS

28