UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IT CONVERGENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOONRACER, INC., d/b/a SYNAPTIS,<br><br>　　　　Defendant. | Case No. 13-cv-04467-WHO<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND TRANSFERRING CASE**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Defendant Moonracer, Inc., d/b/a/ Synaptis ("Moonracer"), moves for judgment on the pleadings or for a stay because of a similar action pending in North Carolina. In its briefs, Moonracer has also suggested that the Court may dismiss the case, transfer it to North Carolina, or consolidate it with the North Carolina action. The Court construes these suggestions as motions. For the reasons below, the motion for judgment on the pleadings is DENIED and the motion for transfer is GRANTED.

## BACKGROUND

Jordan Collard, who is not a party in this suit, signed an employment contract with Moonracer, a corporation located in North Carolina, on September 28, 2009. Compl. (Dkt. No. 1) ¶¶ 2, 14. The employment contract contained a non-compete covenant. Compl. ¶ 16. Moonracer terminated Collard's employment in April 2013. Compl. ¶ 13. In June 2013, plaintiff IT Convergence, a corporation located in California, hired Collard. Compl. ¶¶ 1, 12. Collard is based in Incline Village, Nevada, but his responsibilities for IT Convergence cover Northern California. Compl. ¶ 12.

On May 23, 2013, Moonracer filed suit against Collard in the Superior Court of Wake

County, North Carolina. RJN[1] (Dkt. No. 10) Ex. A. The suit alleges breach of the confidentiality and non-compete provisions in the employment agreement. The complaint brings two causes of action, breach of contract and preliminary or injunctive relief, and is accompanied by a motion for a temporary restraining order and preliminary injunction to enforce the agreement. On May 28, 2013, the state court denied Moonracer's motion for a temporary restraining order. RJN Ex. A (Dkt. No. 1-1 at 58). On June 24, 2013, Collard removed the suit to the United States District Court for the Eastern District of North Carolina. RJN Ex. B.

On August 23, 2013, IT Convergence filed suit against Moonracer in the Superior Court of California, County of San Mateo. IT Convergence alleges that Moonracer is interfering with IT Convergence's employment of Collard and that the non-compete covenant between Collard and Moonracer is illegal under California law. On September 26, 2013, Moonracer removed the suit to this Court based on diversity jurisdiction. Dkt. No. 1. The Complaint brings the following causes of action: (1) intentional interference with contract; (2) violation of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200; and (3) declaratory relief and permanent injunction. Dkt. No. 1-1. Moonracer filed this motion on October 15, 2013.

## LEGAL STANDARD

### I. JUDGMENT ON THE PLEADINGS

The standard for deciding a motion for judgment on the pleadings under "Rule 12(c) is 'functionally identical' to [a motion under] Rule 12(b)(6)." *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). When deciding such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings should be granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law."

---

[1] Moonracer made a request for judicial notice. Dkt. No. 10. Because the request relates to court filings, which are materials appropriate for judicial notice, the request is granted. *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001).

1  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and brackets
2  omitted).

## II.   FIRST-TO-FILE RULE

"[W]hen two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 986 (N.D. Cal. 2011) ("When two actions involving nearly identical parties and closely related [ ] questions are filed in separate districts . . . the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed."). This is known as the "first to file" rule. Under the rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

"The most basic aspect of the first-to-file rule is that it is discretionary . . . ." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). It "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys.*, 678 F.2d at 95. "Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." *Wallerstein v. Dole Fresh Vegetables, Inc.*, No. 13-cv-1284-YGR, 2013 WL 5271291, at *2 (N.D. Cal. Sept. 13, 2013).

## DISCUSSION

## I.   THE MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED.

Moonracer moves that the Court grant it judgment on the pleadings. Moonracer provided absolutely no argument or reason why the Court should do so. Because Moonracer failed to support its motion in any manner, the motion for judgment on the pleadings is DENIED.

## II.   THE MOTION TO TRANSFER IS GRANTED.

Moonracer argues that the North Carolina action "is related to and arises out of the same facts and circumstances as this action does." Br. 3. That action alleges that Collard is currently

3

1  violating a non-competition he signed while employed by Moonracer, and here, "IT Convergence
2  alleges that the agreement is not enforceable and that by seeking to enforce it, Moonracer, Inc. is
3  interfering with IT Convergence's receiving the benefit of Mr. Collard's services." Br. 3. "Both
4  cases involve the same essential issue – whether or not Mr. Collard's employment at IT
5  convergence is lawful." Reply 3. "That IT Convergence is not currently a party to the North
6  Carolina case, or that it has asserted additional legal causes of action in this case," is irrelevant.
7  Reply 3. Because "both actions would involve the same or substantially similar parties, both
8  actions would [be] based on the same or similar claims, both actions would arise from the same or
9  substantially similar factual issues, and both actions would involve the same or substantially the
10 same witness testimony and other evidence," "this case should be dismissed" or stayed. Br. 6
11 (emphases omitted). Moonracer also suggests that a transfer or consolidation is appropriate.
12 Reply 4.

The Court agrees that all three factors of the first-to-file rule are met. First, the North Carolina action was filed before this one. The North Carolina action was filed on May 23, 2013. This action was filed on August 23, 2013.

Second, the issues in the North Carolina action and this action are substantially similar. "Courts have held that the issues in the two actions must be *substantially similar,* rather than identical." *Wallerstein*, 2013 WL 5271291, at *6; *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) ("The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'"). A case is "substantially similar" if it "rest[s] on identical factual allegations and assert[s] identical or analogous causes of action." *Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*, No. 06-cv-718-SBA, 2006 WL 1305235, at *1 (N.D. Cal. May 11, 2006). Ultimately, both cases center on the validity and enforceability of the employment agreement between Moonracer and Collard: the North Carolina action seeks to enforce the agreement, and this action seeks to enjoin enforcement of the agreement. The facts, witnesses, discovery, and arguments will be nearly, if not exactly, the same in both actions. Whether the causes of action are identical does not matter so long as the actions themselves are "substantially similar." They are.

Third, the parties in the North Carolina Action and this action are substantially identical. "Courts have held that the first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Wallerstein*, 2013 WL 5271291, at *4. "The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008). Moonracer is a party to both actions. And while Collard is a party to the North Carolina action only and IT Convergence is a party to this action only, IT Convergence is seeking relief based on Collard's employment agreement. That is sufficient to meet the "similarity of the parties" factor.

IT Convergence argues that this case is not duplicative and that Moonracer cites inappropriate cases to apply here. IT Convergence argues that Moonracer's reliance on *Adams v. California Department of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007), is misplaced because that case involved a plaintiff who filed a second lawsuit bringing claims for which the court had denied leave to add to her original complaint. Opp'n 4. And because the *Adams* court applied the same test for claim preclusion in determining whether two cases are identical, *Adams* does not apply here since claim preclusion "is not even relevant." Opp'n 6. IT Convergence also distinguishes *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999), a case cited by Moonracer, by arguing that it involves a procedural situation similar to *Adams*. Opp'n 4-5. Because this case sounds in tort and the North Carolina case sounds in contract, and because each case seeks different forms of relief, IT Convergence argues that judgment on the pleadings should be denied for Moonracer. Opp'n 5.

IT Convergence's arguments are unpersuasive. *Barapind*, which Moonracer cites only for the proposition that "[a] suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions,'" 72 F. Supp. 2d at 1145, accurately articulates the "first to file" rule and is therefore relevant here. The Court does not rely on *Adams*. But while IT Convergence's entire brief attempts to distinguish those two cases, IT Convergence has made no affirmative argument nor identified any cases to support its position that a stay or transfer should not be granted.

"Under the [first-to-file] doctrine, a district court may transfer, stay or dismiss the second action if it determines that it would be in the interest of judicial economy and convenience of the parties." *Inherent.com*, 420 F. Supp. 2d at 1097. In its papers and at the hearing on this motion, IT Convergence requested that this case be transferred to the United States District Court for the Eastern District of North Carolina if the Court intended to grant Moonracer's motion. Moonracer agreed. Accordingly, for the reasons above, the Court concludes that a transfer is warranted.

## CONCLUSION

Because Moonracer has provided no argument about why judgment on the pleadings is warranted, the motion for judgment on the pleadings is DENIED. Because a substantially identical action is pending in North Carolina, the Court ORDERS that this case be transferred to the United States District Court for the Eastern District of North Carolina. The Clerk shall transfer the file to that court.

**IT IS SO ORDERED.**

Dated: December 12, 2013

_____
WILLIAM H. ORRICK
United States District Judge